UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE**,<br><br>*Plaintiff,*<br><br>v.<br><br>**KETTLER MANAGEMENT, INC.**<br>8255 Greensboro Drive, Suite 200<br>McLean, VA 22012<br><br>**CAPITAL CITY PROTECTIVE SERVICES, II LLC**<br>1807 Brightseat Rd.<br>Hyattsville, MD 20785<br><br>**LAKEISHA HARRIS**<br>1400 Fairmont St. NW<br>Washington, D.C. 20009<br><br>**LATIESHA RAY**<br>3801 Southern Avenue, Suitland Maryland<br><br>**GIOVANNI MUNGUIA**<br>3520 Pear Tree Court<br>Apartment 23<br>Silver Spring, MD 20906<br><br>*Defendants.* | Civil Action No. 1:18-CV-00585<br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

### INTRODUCTION

1. On August 1, 2017, Special Police Officers ("SPOs") employed by Defendant Capital City Protective Services made a warrantless entry into John Doe's apartment, which he leased from Defendant Kettler. The SPOs falsely, and without probable cause accused

Mr. Doe and his guest of engaging in prostitution, berated him with homophobic slurs, seized and searched his cell phone, arrested him and his guest, then hauled them to Kettlers' rental office, where he was held against his will, until the D.C. Metropolitan Police arrived. After interviewing all parties, the MPD instructed Defendants' SPOs to release Plaintiff and his guest, as they had not done anything wrong. Defendants' actions violated Mr. Doe's rights under the Fourth Amendment to the Constitution and constitute false arrest, false imprisonment, and slander under District of Columbia law. Mr. Doe seeks compensatory and punitive damages from the SPOs, the security company and his landlord, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and brings this action under 42 U.S.C. §1983 to vindicate his rights under the Fourth Amendment to the United States Constitution. His common law claims arise from the same events as his constitutional claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C §1367.

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this the District of Columbia.

## PARTIES

4. Plaintiff "John Doe" is an adult citizen of the District of Columbia. The Court has previously entered an order allowing him to proceed under a pseudonym.

5. Defendant Kettler Management, Inc. ("Kettler") is a real estate company that leases and manages real property at 1400 Fairmont St. NW, Washington, D.C. 20009 ("The Fairmont"), where Mr. Doe leased a rental unit, and where the events giving rise to this action occurred.

6. Kettler acts through its agents and employees, including Defendants Harris, Munguia and Ray.

7. Kettler retained Defendant Capital City Protective Services, II LLC ("Capital City") to provide security services at the Fairmont.

8. Capital City was at all times an agent of Kettler acting within the scope of its authority in furtherance of Kettler's interests.

9. Defendant Capital City is upon information and belief a Maryland Corporation which transacts business in the District of Columbia.

10. Capital City acts through its agents and employees, including defendants Munguia and Ray.

11. Defendants LaTiesha Ray ("Ray") and Geovanni Munguia ("Munguia") are Special Police Officers, and were the Capital City special police officers who violated Mr. Doe's rights and falsely arrested Mr. Doe.

12. At all times relevant, Ray and Munguia were agents of Capital City and Kettler, acting within the scope of their agency in furtherance of the Defendants' interests.

13. On or about August 1, 2017, Defendant Lakeisha Harris was the resident manager at the Fairmont, and an employee of Kettler acting within the scope of her employment.

14. Harris participated in and ratified those actions of Ray and Munguia.

## STATEMENT OF FACTS

15. On or about August 1, 2017, John Doe was at home in his apartment at the Fairmont.

16. Shortly after a male guest arrived at Mr. Doe's apartment, Sargent Ray and Officer Munguia, a pair of SPOs employed by Capital City, knocked on Mr. Doe's door and demanded entry into his apartment, without permission or a warrant.

17. Ray and Munguia accused Mr. Doe and his guest of engaging in prostitution.

18. Upon information, Ray & Munguia were licensed Special Police Officers at all time engaged in police functions.

19. At all times, Ray and Munguia were agents of and acting in furtherance of the interests of their employer, Defendant Capital City, and the property manager, Defendant Kettler.

20. Once inside Mr. Doe's apartment, Ray and Munguia seized Mr. Doe's cell phone and searched its contents, without permission or a warrant.

21. Ray made homophobic and demeaning slurs about Mr. Doe, his guest, and the photos they improperly observed on Mr. Doe's cell phone.

22. Ray and Munguia then handcuffed and arrested Mr. Doe and his guest, charged them both with prostitution, then hauled them out of the apartment, down the hallway, and across the commons, where they were observed by other residents, to the Kettler rental office, which was in another building.

23. Mr. Doe was humiliated to be seen taken from his apartment in handcuffs and in custody of security. Neighbors and passerbys stared as he was led away.

24. At the rental office, Ray and Munguia told Defendant Lakeisha Harris, Kettler's resident manager, that Doe and his guests were under arrest for engaging in prostitution.

25. Ray and Munguia and Harris held Doe and his guest against their will at the Kettler rental office, and then called the D.C. Metropolitan Police Department, falsely informing the Metropolitan Police Department that Mr. Doe had engaged in prostitution.

26. The responding Metropolitan D.C. police officers interviewed Mr. Doe, his guest, along with Defendants Ray, Munguia and Harris. The police quickly determined that no crime had been committed, that there was no basis to search, seize and arrest Mr. Doe, and ordered Ray and Munguia to release Mr. Doe and his friend.

27. None of the facts or circumstances known to Ray or Munguia established probable cause, or any reason, for them to conclude Mr. Doe was engaged in prostitution, or to justify the search and seizure of Mr. Doe or his cell phone, or his arrest and detention.

28. Based on their homophobic statement, and their actions described herein, Ray, Munguia and Harris were motivated in substantial part by an intent to discriminate based on the sexual orientation of Mr. Doe.

### FIRST CLAIM FOR RELIEF
**(42 U.S.C. § 1983 – Unreasonable Seizure in Violation of the Fourth and Fourteenth Amendments – Defendants Munguia, Ray and Harris)**

29. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

30. Title 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

    Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

31. The Fourth Amendment to the United States Constitution provides:

    The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

32. The actions of Defendants Munguia, Ray and Harris, namely their warrantless entry into Mr. Doe's home in order to effectuate a warrantless arrest, warrantless seizure and search of Mr. Doe's cell phone, and subsequent detention violated Mr. Doe's rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution

33. Munguia, Ray and Harris conduct, as described herein, was not objectively reasonable.

34. Munguia, Ray and Harris are jointly and severally liable under 42 U.S.C. §1983.

### SECOND CLAIM FOR RELIEF
**(False Arrest and Imprisonment, All Defendants)**

35. Mr. Doe hereby incorporates the foregoing paragraphs as if fully set forth herein.

36. Mr. Doe's arrest for prostitution, a misdemeanor under D.C. Code §22-2701, was unlawful as no act was committed in the presence of the Defendants and the Defendants

lack probable cause for arrest, or reason to believe that unless Mr. Doe was immediately arrested he might flee, cause harm to others, or tamper with, dispose or destroy evidence.

37. Defendants Munguia, Ray, Harris, Kettler and Capital City are jointly and severally liable for the false arrest and false imprisonment under District of Columbia law.

38. Defendant Harris is liable because she ratified the actions of Munguia and Ray.

39. Defendants Harris, Kettler and Capital City are liable under the doctrine of *respondeat superior* for the damages inflicted on Mr. Doe because Munguia, Ray and Harris were at all times acting within the scope of their employment in furtherance of the interests of their employers.

## THIRD CLAIM FOR RELIEF
**(District of Columbia Human Rights Act: Defendants Munguia, Ray & Harris)**

40. Mr. Doe incorporates the foregoing paragraphs as if fully incorporated herein.

41. The District of Columbia Human Rights Act prohibits discrimination based wholly or partly on the actual or perceived sexual orientation, gender identity or expression of any individual.

42. Defendants Munguia and Ray removed Mr. Doe from his apartment and charged him with prostitution on their perception of the sexual orientation, gender identity or expression of Mr. Doe as a gay man.

43. Defendant Harris told Mr. Doe that Kettler would review his continued right to occupy his apartment at the Fairmont based on her perception of sexual orientation, gender identity or expression of Mr. Doe.

## FOURTH CLAIM FOR RELIEF

**(Slander – All Defendants)**

44.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

45.     After illegally seizing and viewing Mr. Doe's cell phone, SPOs Ray made homophobic comments to Mr. Doe, disparaging him and his sexual orientation.

46.     Specifically, on or about August 1, 2017, at 1400 Fairmont St. NW, Washington, D.C. 20009, Ray, Geo and Harris falsely and libelously accused Mr. Doe of being a male prostitute and engaging in the crime of solicitation of prostitution.

47.     These slanderous falsehoods were heard by Munguia, Ray, Harris, the two MPD police officers who responded, and other tenants and visitors.

48.     Defendants Harris, Kettler and Capital City are liable under the doctrine of *respondeat superior* for the damages inflicted on Mr. Doe because Munguia, Ray and Harris were at all times acting within the scope of their employment in furtherance of the interests of their employers.

**PRAYER FOR RELIEF**

Wherefore, Mr. Doe requests that this Court:

RULE that the actions of Munguia, Ray & Harris violated Mr. Doe's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the D.C. Human Rights Act; and

ENTER JUDGMENT awarding plaintiff compensatory damages against all defendants in an amount appropriate to the evidence adduced at trial; and

ENTER JUDGMENT awarding plaintiff punitive damages against defendants Munguia, Ray and Harris in an amount appropriate to the evidence adduced at trial; and

ENTER JUDGMENT awarding plaintiff his reasonable cost and attorney's fees pursuant to 42 U.S.C. §1988, and

GRANT Mr. Doe such other relief as is just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/S/ PAUL ZUKERBERG
_____
Paul H. Zukerberg, Esquire
D.C. Bar No. 388152
*Attorney for Plaintiff John Doe*
ZUKERBERG & HAPLERIN, PLLC
1790 Lanier Place, NW
Washington D.C. 20009
(202) 232-6400
Fax (202) 232-5746
paul@zukerberg.com


 /S/ JONATHAN HALPERIN
_____
Jonathan E. Halperin, Esquire
D.C. Bar 435512
Halperin Law Center
*Attorney for Plaintiff John Doe*
5225 Hickory Park Drive, Suite B
Glen Allen, VA  23059
(804) 527-0100
(866) 335-1502 (fax)
jonathan@halperinlegal.com


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was sent on this 15th day of June, 2018 via PACER and first class mail, postage prepaid, to:

Eric M. Persian, Esquire
Sheridan, Persian & Associates, PLLC
9842 Business Way
Manassas, Virginia 20110

and first class mail, postage prepaid only, to:

Geovanni Munguia
13113 Clifton Rd
Silver Spring, MD 20904

                                            /S/ PAUL ZUKERBERG

                                            Paul Zukerberg